IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| STONEHILL HOMES, LTD., | ) | Case No. 07 B 13243 |
| | ) | |
| Debtor(s). | ) | Judge Manuel Barbosa |

### TRUSTEE'S FINAL REPORT

To:   THE HONORABLE MANUEL BARBOSA, BANKRUPTCY JUDGE

NOW COMES Charles J. Myler, Trustee herein, and respectfully submits to the Court and to the United States Trustee his Final Report in accordance with 11 U.S.C. §704(9).

1. The Petition commencing this case was filed on July 24, 2007. Charles J. Myler was appointed Trustee on July 24, 2007. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

2. The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3. The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is $0. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4. A summary of the Trustee's Final Report as of Sept. 30, 2008 is as follows:

1

| | | | |
|---|---|---|---|
| a. | RECEIPTS (See Exhibit C) | | $50,165.47 |
| b. | DISBURSEMENTS (See Exhibit C) | | $0.00 |
| c. | NET CASH available for distribution | | $50,165.47 |
| d. | TRUSTEE/PROFESSIONAL COSTS: | | |
| | 1. | Trustee compensation requested (See Exhibit E) | $5,758.27 |
| | 2. | Trustee Expenses (See Exhibit E) | $110.30 |
| | 3. | Compensation requested by attorney or other professionals for trustee (See Exhibit F) | $9,020.00 |

5. The Bar Date for filing unsecured claims expired on November 28, 2007.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee. (See Exhibit D) The actual dollar amount of claims allowed and/or requested for this estate is as follows:

| | | |
|---|---|---|
| a. | Allowed unpaid secured claims | $0.00 |
| b. | Chapter 7 administrative and 28 U.S.C. §1930 claims | $14,888.57 |
| c. | Allowed Chapter 11 administrative claims | $0.00 |
| d. | Allowed priority claims | $0.00 |
| e. | Allowed unsecured claims | $354,889.78 |

7. Trustee proposes that unsecured creditors receive a distribution of 9.94% of allowed claims.

8. Total compensation previously awarded to Trustee's counsel, accountant or other professional was $0.00. Trustee's attorney's, accountant's, or other professional's compensation requested but not yet allowed is $9,020.00. The total of Chapter 7 professional fees and expenses requested for final allowance is $9,020.00. (See Exhibit G).

9. A fee of $3,701.00 was paid to debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

**WHEREFORE,** the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

RESPECTFULLY SUBMITTED:

DATE: October 17, 2008

/s/ Charles J. Myler
Charles J. Myler, ARDC# 2008602
105 E. Galena Blvd., 8th Floor
Aurora, IL 60505
(630) 897-8475

## TASKS PERFORMED BY TRUSTEE

Debtor was involved in the development and construction business. The sole asset in the estate was debtor's interest in a partially constructed luxury residence. Trustee hired counsel who assisted trustee in all matters requiring legal service. Trustee reviewed the construction process and made an effort, based upon comparable sales, construction costs and other matters, to determine the value of the partially constructed residence and the value of the trustee's interest. Trustee eventually estimated that $50,000 was an appropriate return and a principal of the debtor agreed to furnish this amount. Trustee counsel prepared an appropriate petition for approval by the bankruptcy court. Subsequently the trustee was called upon to review claims by a creditor who purchased the property and by a party claiming damage to property as a result of actions of the debtor which directly resulted in the filing of the bankruptcy. Trustee reviewed with trustee counsel all claims in the estate and answered numerous telephone calls during the course of the proceeding regarding the estate. Trustee estimates that approximately 18 hours were spent in trustee time.

EXHIBIT A

# Form 1
## Individual Estate Property Record and Report
### Asset Cases

**Case Number:** 07-13243 5
**Case Name:** STONEHILL HOMES, LTD.

**Trustee:** (330510) CHARLES J. MYLER
**Filed (f) or Converted (c):** 07/24/07 (f)
**§341(a) Meeting Date:** 08/27/07
**Claims Bar Date:** 11/28/07

**Period Ending:** 09/30/08

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) abandon.<br>DA=§554(c) abandon. | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | single family residence in process, Arlington He | 800,000.00 | 180,000.00 | | 50,000.00 | FA |
| 2 | Disputed Account receivable due from Robert M. P | 59,000.00 | 59,000.00 | DA | 0.00 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 165.47 | Unknown |
| 3 | **Assets** Totals (Excluding unknown values) | **$859,000.00** | **$239,000.00** | | **$50,165.47** | **$0.00** |

**Major Activities Affecting Case Closing:**
Final report sent to US Trustee 10/17/08

**Initial Projected Date Of Final Report (TFR):** December 31, 2007       **Current Projected Date Of Final Report (TFR):** December 31, 2007


EXHIBIT B

# Form 2
## Cash Receipts And Disbursements Record

| Case Number: | 07-13243 5 | | Trustee: | CHARLES J. MYLER (330510) |
|---|---|---|---|---|
| Case Name: | STONEHILL HOMES, LTD. | | Bank Name: | JPMORGAN CHASE BANK, N.A. |
| | | | Account: | ***_*****52-65 - Money Market Account |
| Taxpayer ID #: | 36-3518001 | | Blanket Bond: | $5,000,000.00 (per case limit) |
| Period Ending: | 09/30/08 | | Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Money Market Account Balance |
| 09/21/07 | {1} | Thomas Stonehill Group Ltd | Settlement proceeds from sale of unfinished house | 1110-000 | 50,000.00 | | 50,000.00 |
| 09/28/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6500% | 1270-000 | 3.56 | | 50,003.56 |
| 10/31/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6500% | 1270-000 | 29.37 | | 50,032.93 |
| 11/30/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6000% | 1270-000 | 26.03 | | 50,058.96 |
| 12/31/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6000% | 1270-000 | 25.49 | | 50,084.45 |
| 01/31/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6000% | 1270-000 | 22.90 | | 50,107.35 |
| 02/29/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.3000% | 1270-000 | 10.28 | | 50,117.63 |
| 03/31/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.2500% | 1270-000 | 9.30 | | 50,126.93 |
| 04/30/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1700% | 1270-000 | 6.99 | | 50,133.92 |
| 05/30/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 6.27 | | 50,140.19 |
| 06/30/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 6.37 | | 50,146.56 |
| 07/31/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 6.37 | | 50,152.93 |
| 08/29/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 5.96 | | 50,158.89 |
| 09/30/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 6.58 | | 50,165.47 |

| | | |
|---|---|---|
| ACCOUNT TOTALS | 50,165.47 | 0.00 |
| Less: Bank Transfers | 0.00 | 0.00 |
| Subtotal | 50,165.47 | 0.00 |
| Less: Payments to Debtors | | 0.00 |
| NET Receipts / Disbursements | $50,165.47 | $0.00 |



EXHIBIT C

{} Asset reference(s)

Page: 2

# Form 2
## Cash Receipts And Disbursements Record

**Case Number:** 07-13243 5
**Case Name:** STONEHILL HOMES, LTD.

**Trustee:** CHARLES J. MYLER (330510)
**Bank Name:** JPMORGAN CHASE BANK, N.A.
**Account:** ***_*****52-65 - Money Market Account
**Blanket Bond:** $5,000,000.00 (per case limit)
**Separate Bond:** N/A

**Taxpayer ID #:** 36-3518001
**Period Ending:** 09/30/08

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Money Market Account Balance |

| | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| MMA # ***_*****52-65 | 50,165.47 | 0.00 | 50,165.47 |
| | $50,165.47 | $0.00 | $50,165.47 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| STONEHILL HOMES, LTD., | ) | Case No. 07 B 13243 |
| | ) | |
| Debtor. | ) | Judge Manuel Barbosa |

### DISTRIBUTION REPORT

I, Charles J. Myler, Trustee herein, certify that I have reviewed all claims filed with the Clerk of the Bankruptcy Court and have examined all orders of Court, and state that based on my review I propose to make the following distribution:

SUMMARY OF DISTRIBUTION:

| | |
|---|---|
| Chapter 7 Administrative Expenses: | $14,888.57 |
| Chapter 11 Administrative Expenses: | $0.00 |
| Priority Claims (507(a)(3)-(a)(6)): | $0.00 |
| Secured Tax Liens: | $0.00 |
| Priority Tax Claims: | $0.00 |
| General Unsecured Claims: | $35,276.90 |
| Other: | $0.00 |

TOTAL AMOUNT TO BE DISTRIBUTED:   $50,165.47

EXHIBIT D

5

## DISTRIBUTION REPORT

| 1. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|
| §726(a) & (b) and §507(a)(1) (Chapter 7 costs of administration including court costs and U.S. Trustee quarterly fees pursuant to 28 U.S.C. 1930(6)) | $14,888.57 | 100 |

| CLAIM NO. CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|
| Charles J. Myler, Trustee | $5,758.27 | $5,758.27 |
| Charles J. Myler, Expenses | 110.30 | 110.30 |
| Myler, Ruddy & McTavish | 9,020.00 | 9,020.00 |

| 2. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a) & (b) and §507(a)(1) (Debtor-in-possession (DIP) administrative expenses) | $0.00 | |

| CLAIM NO. CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|
| | $ | $ |

| 3. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(2) - Gap claims arising in involuntary cases and allowed pursuant to §502(f) | $0.00 | |

| CLAIM NO. CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|
| | $ | $ |

| 4. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(3) - Wages, salaries or commissions limited to $4,000 (less applicable withholdings) | $0.00 | |

| CLAIM NO. CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|
| | $ | $ |

| | TOTAL | FINAL |

| **5. TYPE OF CLAIMS**<br>§507(a)(4) - Contributions<br>to Employee Benefit Plans | **AMOUNT OF CLAIMS**<br>$0.00 | **DIVIDEND %** |
|---|---|---|
| **CLAIM NO.   CREDITOR** | **AMOUNT OF**<br>**ALLOWED CLAIM**<br>$ | **AMOUNT OF**<br>**DIVIDEND**<br>$ |
| **6. TYPE OF CLAIMS**<br>§507(a)(5) - Farmers'<br>and Fishermans' claims<br>to the extent of $2,000 | **TOTAL**<br>**AMOUNT OF CLAIMS**<br>$0.00 | **FINAL**<br>**DIVIDEND %** |
| **CLAIM NO.   CREDITOR** | **AMOUNT OF**<br>**ALLOWED CLAIM**<br>$ | **AMOUNT OF**<br>**DIVIDEND**<br>$ |
| **7. TYPE OF CLAIMS**<br>§507(a)(6) - Deposits<br>by consumers to the extent<br>of $900 | **TOTAL**<br>**AMOUNT OF CLAIMS**<br>$0.00 | **FINAL**<br>**DIVIDEND %** |
| **CLAIM NO.   CREDITOR** | **AMOUNT**<br>**ALLOWED CLAIM**<br>$ | **AMOUNT OF**<br>**DIVIDEND**<br>$ |
| **8. TYPE OF CLAIMS**<br>§724(b) - Tax Liens | **TOTAL**<br>**AMOUNT OF CLAIMS**<br>$0.00 | **FINAL**<br>**DIVIDEND %** |
| **CLAIM NO.   CREDITOR** | **AMOUNT OF**<br>**ALLOWED CLAIM**<br>$ | **AMOUNT OF**<br>**DIVIDEND**<br>$ |
| **9. TYPE OF CLAIMS**<br>§507(a)(7) - Tax claims<br>excluding fines and penalties | **TOTAL**<br>**AMOUNT OF CLAIMS**<br>$0.00 | **FINAL**<br>**DIVIDEND %** |
| **CLAIM NO.   CREDITOR** | **AMOUNT OF**<br>**ALLOWED CLAIM**<br>$ | **AMOUNT OF**<br>**DIVIDEND**<br>$ |
| **10. TYPE OF CLAIMS**<br>§507(a)(8) - Capital<br>Commitments to FDIC, et al. | **TOTAL**<br>**AMOUNT OF CLAIMS**<br>$0.00 | **FINAL**<br>**DIVIDEND %** |

| CLAIM NO. CREDITOR | AMOUNT OF ALLOWED CLAIM $ | AMOUNT OF DIVIDEND $ |
|---|---|---|
| **11. TYPE OF CLAIMS**<br>§726(a)(2) - General Claims<br>(To be paid *pro-rata* after costs of administration and priority claims are paid in full) | TOTAL AMOUNT OF CLAIMS<br>$354,889.78 | FINAL DIVIDEND %<br>9.94 |
| **CLAIM NO. CREDITOR** | **AMOUNT OF ALLOWED CLAIM** | **AMOUNT OF DIVIDEND** |
| 1. Bellas and Wachowski | $18,782.09 | $1,866.99 |
| 2. Thomas C. Psiharis | $229,190.69 | $22,782.11 |
| 3. Robert & Eileen Pape (Per court order) | $106,467.00 | $10,583.07 |
| 4. ResultsOne | $450.00 | $44.73 |
| **12. TYPE OF CLAIMS**<br>§726(a)(3) - Late unsecured claims. | TOTAL AMOUNT OF CLAIMS<br>$0.00 | FINAL DIVIDEND % |
| CLAIM NO. CREDITOR | AMOUNT OF ALLOWED CLAIM $ | AMOUNT OF DIVIDEND $ |
| **13. TYPE OF CLAIMS**<br>§726(a)(4) - Fines/penalties | TOTAL AMOUNT OF CLAIMS<br>$0.00 | FINAL DIVIDEND % |
| CLAIM NO. CREDITOR | AMOUNT OF ALLOWED CLAIM $ | AMOUNT OF DIVIDEND $ |
| **14. TYPE OF CLAIMS**<br>§726(a)(5) - Interest<br>(___% from date of filing to anticipated date of distribution<br>(_____) | TOTAL AMOUNT OF CLAIMS<br>$0.00 | FINAL DIVIDEND % |
| CLAIM NO. CREDITOR | AMOUNT OF ALLOWED CLAIM $ | AMOUNT OF DIVIDEND $ |

| 15. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(6) - Surplus to Debtor | $0.00 | |

| CLAIM NO. | CREDITOR | AMOUNT OF ALLOWED CLAIM $ | AMOUNT OF DIVIDEND $ |
|---|---|---|---|

The following claims are not included in the distribution because they have been disallowed by court order or have been withdrawn by the claimant:

| TYPE OF CLAIM | CLAIM NUMBER | CREDITOR AND ADDRESS | AMOUNT OF CLAIM | DISALLOWED/WITHDRAWN (DESIGNATE) |
|---|---|---|---|---|

**WHEREFORE**, the Trustee certifies under penalty of perjury that the above statements are true and correct.

DATED: October 17, 2008

Charles J. Myler, Trustee, ARDC# 2008602

9